UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTIAN ARRIETTA,** | ) | Case No. 1:22-CV-02625 |
| | ) | |
| Plaintiffs, | ) | Judge Martha M. Pacold |
| v. | ) | |
| | ) | Magistrate Judge Sheila M. Finnegan |
| **P.O. CONNOR BRACKLIN, individually,** | ) | |
| **P.O. KENNETH BRINK, individually,** | ) | |
| and the **CITY OF CHICAGO,** | ) | |
| a Municipal Corporation, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

**NOW COME** the Plaintiff, CHRISTIAN ARRIETTA, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of his First Amended Complaint against the Defendants, P.O. CONNOR BRACKLIN, individually, P.O. KENNETH BRINK, individually, and the CITY OF CHICAGO, a Municipal Corporation, states as follows:

### COUNT I – FALSE ARREST/SEIZURE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, CHRISTIAN ARRIETTA, accomplished by acts and/or omissions of the Defendants, P.O. CONNOR BRACKLIN, and P.O. KENNETH BRINK, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

3. The Plaintiff, CHRISTIAN ARRIETTA is a resident of the State of Illinois.

4. The Defendants, P.O. CONNOR BRACKLIN, and P.O. KENNETH BRINK, were at all times relevant to the allegations of the Complaint, duly appointed Police Officers of the CITY OF CHICAGO and were acting within their scope of employment and under color of law.

5. On November 11, 2021, the Plaintiff, CHRISTIAN ARRIETTA, was driving his vehicle in the vicinity of westbound 63rd Street.

6. P.O. CONNOR BRACKLIN, and P.O. KENNETH BRINK, pulled the Plaintiff, CHRISTIAN ARRIETTA, over.

7. The Defendants pulled Plaintiff from his vehicle and threw him to the ground.

8. The Defendants handcuffed the Plaintiff.

9. The Plaintiff, CHRISTIAN ARRIETTA, cooperated.

10. The Defendants searched the Plaintiff and his vehicle.

11. The Defendants, after approximately thirty minutes, released the Plaintiff without any charges.

12. There were no facts to support any probable cause that Plaintiffs were committing any crime for which he needed to be handcuffed and searched.

13. The Defendants' actions constituted an unlawful arrest/seizure.

14. The actions of the Defendants were intentional and wanton.

15. As a result of the Defendants' actions, the Plaintiff was wrongfully seized.

16. The actions of the Defendants constituted a violation of the Plaintiff's Fourth Amended rights as protected by 42 U.S.C. § 1983.

17. As a result of the actions of the Defendants, the Plaintiff, CHRISTIAN ARRIETTA, suffered fear, anxiety, pain and suffering, and emotional distress.

WHEREFORE, the Plaintiff, CHRISTIAN ARRIETTA, prays for judgment in his favor and against the Defendants P.O. CONNOR BRACKLIN, and P.O. KENNETH BRINK, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT II – UNLAWFUL SEARCH

1-17.   The Plaintiff hereby realleges and incorporates their allegations of paragraphs 1-17 of Count I as their respective allegations of paragraphs 1-17 of Count II as though fully set forth herein.

18.   The Defendants did not have probable cause or a search warrant to search the plaintiff or his vehicle.

19.   The actions of the Defendants were intentional and wanton.

20.   The actions of the Defendants constituted a violation of the Plaintiffs' Fourth Amended rights as protected by 42 U.S.C. § 1983.

21.   As a result of the actions of the Defendants, the Plaintiffs, CHRISTIAN ARRIETTA, suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, CHRISTIAN ARRIETTA, pray for judgment in his favor and against the Defendants P.O. CONNOR BRACKLIN, and P.O. KENNETH BRINK, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT III – CITY OF CHICAGO/ INDEMNIFICATION

1-21.   Plaintiff hereby re-alleges and incorporates his allegations of paragraphs 1-21 of Counts I & II as his respective allegations of paragraph 1-21 of Count III as though fully set forth herein.

22.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

23.     Defendants, P.O. CONNOR BRACKLIN, and P.O. KENNETH BRINK, are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants, P.O. CONNOR BRACKLIN, and P.O. KENNETH BRINK, be found liable for the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

WHEREFORE, the Plaintiff, CHRISTIAN ARRIETTA prays for judgment against the Defendant CITY OF CHICAGO for reasonable compensatory damages plus attorney's fees and costs.

## JURY DEMAND

The Plaintiff, CHRISTIAN ARRIETTA, hereby request a trial by jury.

Respectfully submitted,
CHRISTIAN ARRIETTA

By: _____
Gregory E. Kulis

Gregory E. Kulis (Firm. No. 70798)
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602-3368
p. (312) 580-1830 / f. (312) 580-1839
e. service@kulislawltd.com
Pursuant to Illinois Supreme Court Rules 11(b)(6) and 131(d)(1) e-service is accepted solely at service@kulislawltd.com.

4